# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTONE L. KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV 10-147-JHP-SPS |
| | ) | |
| JAMES D. BLAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff, an inmate incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking a writ of mandamus and other relief. The defendants are James D. Bland, Pittsburg County District Judge; Bryan C. Dixon, Oklahoma County District Judge; James Edmondson, Chief Justice of the Oklahoma Supreme Court; Joseph Watt, former Chief Justice of the Oklahoma Supreme Court; Steven Taylor, Oklahoma Supreme Court Associate Justice; Robert Dick Bell, Oklahoma Court of Civil Appeals Chief Judge; Larry Joplin, Oklahoma Court of Civil Appeals Judge; and E. Bay Mitchell, III, Oklahoma Court of Civil Appeals Judge.

Although plaintiff's handwritten complaint is difficult to read and understand, he apparently is alleging the defendants, all state court judges, have violated his constitutional rights by denying his requests to change his name for religious reasons to "Ali Ishmael Mandingo Warrior Chief." His is asking this court to issue a writ of mandamus directing the defendants to legally change his name and to refund the fees he has paid for his failed attempts at a name change.

The court has reviewed the record and construed plaintiff's pro se pleadings liberally.

*Haines v. Kerner*, 404 U.S. 519 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Because plaintiff's complaint is meritless, the court is empowered to dismiss the complaint pursuant to 28 U.S.C. § 1915A:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identity cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief. . . .

28 U.S.C. § 1915A. *See also Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000) ("§ 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee.").

Here, the court finds plaintiff's complaint is both frivolous and malicious. Judges have absolute immunity for their "official adjudicative acts." *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002) (citation omitted), *cert. denied*, 538 U.S. 983 (2003). There are only two exceptions to absolute immunity from money damages: actions taken outside the judge's judicial capacity, and actions "taken in the complete absence of all jurisdiction." *Stein v. Disciplinary Bd. of Supreme Ct. of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008) (quoting *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)). Regarding plaintiff's request for a writ of mandamus, federal courts have no supervisory jurisdiction over state courts and are

without authority to direct state courts or their officers to perform their duties. *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986). *See also Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992). Plaintiff's complaint clearly is meritless.

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous and malicious, pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff is reminded of his continuing obligation to pay the filing fee, as set forth in the court's order entered on August 13, 2010.

**IT IS SO ORDERED** this 20th day of August 2010.

James H. Payne
United States District Judge
Eastern District of Oklahoma